SURING STATE BANK, Appellant, vs. GIESE and others, Respondents.

*January 10—February 7, 1933.*

*Harold W. Krueger* of Oconto, for the appellant.

For the respondents Giese there was a brief by *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *V. J. O'Kelliher* of Oconto.

WICKHEM, J.    It is the contention of the plaintiff that it is entitled to a deficiency judgment as a matter of course, the court having in the original judgment ordered a judgment for deficiency, which order was appealable and has never been appealed from.   This may well be conceded without at all affecting the merits of this case.   The order appealed from confirms the sale upon the express condition that plaintiff be not entitled to a deficiency judgment.   The court finds in its order that the premises were reasonably worth a sum in excess of $2,000, and it is evident, from a reading of the order, that the trial court's theory is that plaintiff, having secured the premises at the grossly inade-

quate valuation of $600, should be required to credit defendants with the reasonable value of the premises.

The question presented is one of great importance, and one to which earnest consideration has been given. The court takes judicial notice of the fact that the present economic depression has not merely resulted in a serious dislocation of the value of real estate, but also in the almost complete absence of a market for real estate. As a consequence there is no cash bidding at sales upon foreclosure. In normal times competitive bidding is the circumstance that furnishes reasonable protection to the mortgagor, and avoids the sacrifice of the property at a grossly inadequate sale price. In the present situation the device of a judicial sale largely fails of its intended purpose because of the lack of competitive bidding, and the question arises whether a court of equity is wholly impotent to rise to the needs of justice and see that the parties are fairly and properly protected. This is not a situation in which ordinary logic with respect to values has much vitality. In theory, a thing that cannot be sold has no value, and so with a parcel of real estate that is offered for sale at foreclosure. It may be argued that it is worth what purchasers will pay for it, and no more, and that if the only price offered constitutes but a negligible part of its theretofore assumed value, it nevertheless represents the value of the real estate at that time. Such a conclusion is shocking to the conscience of the court, or, as the old equity courts said, to the conscience of the chancellor, and to all notions of justice as applied to this situation. Certainly the land has value so long as it or the buildings upon it may be used, and certainly in the case of farm lands, which constitute the homes of farmers, the premises have value in the sense of usefulness, however difficult it may be to translate this value into terms of dollars. Furthermore, this real estate, which is suffering from the consequences of a period of readjustment through

which we are passing, has potential or future value which may legitimately be taken into account. Its value in terms of dollars has been affected by a general condition. No one piece of land has depreciated in value,—it has all depreciated. It has all suffered from the lack of demand on the part of buyers. Under these circumstances it is within the power of a court of equity, without the aid of statute, to take one or all of three steps for the protection of the parties and the promotion of a fair solution of the difficulties. What is said here is said in the light of the present emergency, and because of the present inadequacy of a judicial sale to establish a fair value for the security.

(1) The court may decline to confirm the sale where the bid is substantially inadequate. While it has been said that mere inadequacy of consideration is not a ground for setting aside a foreclosure sale, this rule has been rather carefully circumscribed by the court. In *Griswold v. Barden,* 146 Wis. 35, 130 N. W. 952, this court, speaking through Mr. Chief Justice WINSLOW, said:

"It has been said by this court that it is the settled practice of courts of equity to refuse a resale for mere inadequacy of consideration, and that this court will not depart from that rule where no other cause exists. *Meehan v. Blodgett,* 86 Wis. 511, 57 N. W. 291. This is doubtless a correct statement of the rule, but it seems from the argument in the present case that it may be easily misunderstood. It must be strictly confined to cases where there is absolutely no fact appearing except that the price is inadequate. Whenever other facts appear, such as mistake, misapprehension, or inadvertence on the part of the interested parties or of intending bidders, as a result of which it seems to the court that the failure to obtain a fair and adequate price for the property was due in whole or in part to such mistake, misapprehension, or inadvertence, the court will readily refuse to approve the sale. No fraud is necessary to justify the court in so withholding its approval. The question simply is, Is the sale under all the circumstances one of which the court, in justice to all parties, should approve?"

This doctrine is also stated in *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654, and *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139. What was said in the *Griswold Case* is applicable here, when the fact of an inadequate price is coupled with an emergency which operates to prevent competitive bidding. A court of equity is justified in refusing to confirm the sale and ordering a resale.

(2) The court, in ordering a sale or a resale, may, in its discretion, take notice of the present emergency and, after a proper hearing, fix a minimum or upset price at which the premises must be bid in if the sale is to be confirmed. This is a power that courts of equity ordinarily exercise in cases of foreclosure of corporate property which is of such size and character as to preclude the establishment of a fair price by competitive or cash bidding. *Northern Pac. R. Co. v. Boyd,* 228 U. S. 482, 33 Sup. Ct. 554. We see no reason why the same power should not be exercised in cases where economic conditions are such as to preclude the element of competitive bidding, and to make ineffective the ordinary and usual manner of fixing the market value of the property.

(3) The court may, upon application for the confirmation of a sale, if it has not theretofore fixed an upset price, conduct a hearing, establish the value of the property, and, as a condition to confirmation, require that the fair value of the property be credited upon the foreclosure judgment. If an upset price has been established, the plaintiff may be required to credit this amount upon the judgment as a condition to confirmation. If the fair value as found by the court, when applied to the mortgage debt, discharges it, there will be no occasion for the entering of a deficiency judgment. In case this procedure is adopted by the court, the option should be given to the plaintiff to accept or reject it. In the event of its rejection, the resale of the property should be ordered.

In the instant case the court evidently took the third of the three methods of dealing with this problem. While in terms it denied the deficiency judgment, in effect it valued the property, found this value to be equal to the debt, and required that it be credited against the debt as a condition to the confirmation of the sale. This was not error, for the reasons heretofore stated. However, it is our conclusion that plaintiff should have been given the option to accept or reject the condition. In the event that the condition is rejected, the court may set aside the sale and order a resale in accordance with the principles set out in this opinion. It follows that the order must be reversed.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.