## ARCANUM BUILDING & LOAN ASSN v BREHM et

Ohio Appeals, 2nd Dist, Darke Co

No 439. Decided Jan 18, 1934

Billingsley & Manix, Greenville, for plaintiff.

D. W. Iddings, Dayton, W. D. Spidel, Greenville, and N. L. Wiseman for defendants.

## OPINION

By BARNES, J.

Counsel for plaintiff in their brief make the suggestion that the appeal should be dismissed for the reason that an appeal can not be taken from an order of the Common Pleas Court confirming a judicial sale.

No motion to dismiss appeal has been filed. Formerly the failure to file motion or other plea for dismissal is a waiver of the question. **Drake et, Trustees v Tucker et, 83 Oh St, 97.** Where no objection is raised a reviewing court may consider alleged errors on appeal even though the cause is not appealable. Raising the question for the first time in brief after cause was submitted on the merits and before judgment is in time. **State ex v Prestien, 93 Oh St, 423.**

The only judgment against Rose Swadner is personal and in the sum of $2797.31. If under any theory she would be permitted to appeal it would require an appeal bond in double the amount of the judgment against her. This provision is statutory. The motion could well be sustained.

In reality the same question is presented on the merits whether or not considered on appeal or error. The defendant Rose Swadner held no interest in the real estate. No question is raised as to the regularity of the proceedings and sale. The defendant Brehms are not objecting. The plaintiff purchased at public auction. Until now it has never been questioned that holder of a mortgage may bid at a foreclosure sale. This is conceded by counsel for Rose Swadner, but it is urged that the unusual financial situation demands the promulgating of new remedies.

We join with the trial court in expressing sympathy for the loss that is sure to follow this grave financial crisis, but in expressing this sympathy we must not lose sight of the fact that somebody is going to lose regardless of any order the court might make. We know not the means of waiving the magic wand through which losses may be avoided. From the record in this case we think the major sympathy should be extended to the defendant Brehms. They have lost everything. Not only the $4,000.00 cash paid in 1923, but also the results of their toil for a period of more than ten years. The defendant Rose Swadner emerges from the situation with a net of over $7200.00 from the sale of her 40 acres even after she has paid the deficiency judgment.

We have read with care the cited case of Suring State Bank v Giese, (Wis.) 246 N. W. Rep., 556. This case is reviewed in the July 1933 issue of United States Law Director and therein it is noted that the Wisconsin case is the only one in which the present economic and financial condition has been held to constitute a ground for affording relief. On the other hand it is set out that the prevailing authority holds that it is a well settled rule that an unpropitious market for the sale of property is no ground for enjoining the sale. Our attention was also called to a Minnesota case carried to the Supreme Court of the United States and we note from the daily papers that the moratorium provisions of the statutory law of that state are upheld in the decision very recently released. We have no similar statute in this State.

From the sum total of the older decisions and the present day thought we do not intend to say that situations may not arise whereby the equity arm of a court might be extended to afford relief in cases where aside from the economic condition questions of impairment of contract might demand a contrary determination.

We can not bring ourselves to the conclusion that the situation in the instant case demands any such extraordinary equitable action. So long as the people of this state fare no worse than has the defendant Rose Swadner, courts should not be called upon to provide unusual and extraordinary remedies. The appeal will be dismissed at costs of Rose Swadner.

HORNBECK, PJ, and KUNKLE, J, concur.