WEIMER, Appellant, vs. UTHUS and others, Respondents.
SAME, Appellant, vs. BROSSELL and others, Respondents.

*December 5, 1934—January 8, 1935.*

For the appellant there were briefs by *Orth & Orth,* and oral argument by *Charles A. Riedl* and *Franklin L. Orth,* all of Milwaukee.

For the respondents the cause was submitted on the brief of *Affeldt & Lichtsinn* of Milwaukee.

ROSENBERRY, C. J.　The determination of the questions raised in this case requires a consideration of the matters dealt with in *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556.　The same matters were dealt with in *Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166.　As was pointed out in *Kremer v. Rule,* the law declared in the *Suring State Bank Case* must be considered in connection with the facts of that case.　The court did not say in the *Suring State Bank Case* that in a foreclosure action a court of equity had plenary power to fix a price and compel the mortgagee to accept the property at that price or forego his right to a judgment for deficiency except in such amount as would remain after application of the price fixed by the court to the indebtedness secured by the mortgage.

Sec. 278.04, Stats., provides that the plaintiff may unite with his claim for foreclosure and sale a demand for a judgment for any deficiency which remains due, and then provides: "Such judgment for deficiency shall be ordered in the original judgment and separately rendered" in a confirmation of the report of sale, and be docketed and enforced as in other cases.

The power of a court of equity is limited to securing justice in a particular case and to preventing an inequitable, unconscionable, and shocking result.　In the *Suring State Bank Case* property had been bid in for approximately one-third of its value and the mortgagee was demanding a judg-

ment for deficiency of over $1,600, he having been a purchaser at the sale, so that, if the sale had been confirmed, the mortgagee would have had the property and still had a claim for more than four-fifths of its original loan. The power of a court of equity to limit a right given to a party by the statute should be exercised with care and circumspection, and solely for the purpose of preventing a result which shocks the conscience of the chancellor as is said in many cases.

In this case it appears that the property is unimproved, unproductive real estate; the mortgagor has made no effort to bring himself within the provisions of sec. 278.106. He has failed to do this no doubt for the reason that in order to be entitled to an extension under that statute he would be required to pay the taxes or interest, or both, in the discretion of the court. A delay will only tend to increase the burden which some one must bear. Interest and taxes accumulate. These observations are made for the reason that it is manifest upon a consideration of the record in this case that the court considered it had the power to fix a price which the property ought to bring and to deny a deficiency judgment accordingly. More than two years have passed since the *Suring State Bank Case* was decided by the trial court. An emergency is not a fairly permanent condition of affairs. It does not appear that there are no bidders because of an existing emergency, but it does appear that bidders are not willing to pay as much as the trial court feels they should pay. That is not the test to be applied.

In this case the trial court found the property was worth $75 per front foot. The amount bid was $65. While it is true the mortgagor had a substantial amount invested in the equity, that fact is not controlling. Equities in cases of this type are much more likely to reside in circumstances than in figures. The mortgage was given in the course of a speculative venture in real estate. Parties ought not for the sake of saving themselves from the hazards of their own specula-

59

tions shelter themselves behind the statute and so speculate with other people's money. The fact that the bid made was $10 less per front foot than the amount found by the court to be present value is not a circumstance which shocks the conscience of the chancellor. It indicates rather a disagreement as to present value.

For the reason stated in *Kremer v. Rule, supra,* the plaintiff under the circumstances of this case was entitled to an order confirming the sale and directing entry of a deficiency judgment on the basis of the bid made.

*By the Court.*—In each case the order appealed from is reversed, and cause remanded with directions to enter judgment in accordance with this opinion.