BIG BAY REALTY COMPANY, Appellant, vs. ROSENBERG and others, Respondents.

*March 4—June 4, 1935.*

For the appellant there were briefs by *Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

For the respondents there was a brief by *Joseph A. Padway,* attorney, and *Carl B. Rix* and *G. Carl Kuelthau* of counsel, all of Milwaukee, and oral argument by *Mr. Kuelthau.*

The following opinion was filed April 2, 1935:

ROSENBERRY, C. J. The sole question presented upon this appeal is whether or not the court was in error in denying a deficiency judgment under the circumstances of this case. We are cited to no authority, nor do we find any either in the case of the foreclosure of land contracts or the foreclosure of mortgages upon the basis of which a court of equity, having decreed and adjudged that the plaintiff is entitled to a deficiency judgment, may thereafter confirm the sale and deny a judgment for deficiency.

Defendant seeks to sustain the order upon the theory that the proceeding in this case is one analogous to a foreclosure of a mortgage, and that the principles stated in *Suring State*

*Bank v. Giese,* 210 Wis. 489, 246 N. W. 556, control. That case and the subsequent cases of *Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166, and *Weimer v. Uthus,* 217 Wis. 56, 258 N. W. 358, make it plain that the power of a court of equity to prevent an unconscionable result is to be exercised with respect to the sale, that if the sale be confirmed the legal consequences prescribed by the statute of the state of Wisconsin follow. There is no power in a court of equity to deny a party his statutory rights. In this case the court confirms the sale, but denies the deficiency judgment arbitrarily because the assessed value of the premises exceeded the amount of the judgment with interest. If the court upon the hearing had refused to confirm the sale and ordered a resale, the question would have been whether or not there was an error, but the court would have been well within the field of equity. Having confirmed the sale, it was the duty of the court to render judgment for the deficiency in accordance with the law in such cases made and provided.

*By the Court.*—That part of the order appealed from is reversed, and cause remanded with directions to enter judgment for the deficiency.

A motion for a rehearing was denied, with $25 costs, on June 4, 1935.