Buel and wife, Appellants, vs. Austin and others, Respondents.

*October 9—November 5, 1935.*

398

For the appellants there was a brief by *Hersh & Morse* and oral argument by *Emil Hersh* and *I. J. Post,* all of Milwaukee.

*Oscar Kroesing* of Milwaukee, for the respondents.

MARTIN, J. The judgment of foreclosure and sale herein provided that if the proceeds of such sale were insufficient to pay the amount due upon the judgment, the sheriff specify the amount of such deficiency in his report of sale, and upon the filing and confirmation of such report the plaintiffs have judgment against the defendant S. D. Austin, who was personally liable for the debt secured by the mortgage, for the amount of such deficiency, with interest thereon. While the judgment was entered on December 19, 1933, and provided for a redemption period of twelve months, the sale was not had until April 8, 1935. The amount due on the judgment with subsequent costs and accruals as of the date of the sale was $11,578.23.

It appears that on the date of the sale and before the sale took place, pursuant to a hearing had, the court entered an order in which it found "that the fair value of the premises set forth in the complaint and judgment in this action is not less than the sum of $12,725." This order contained no other provision. The sheriff's sale of the premises was in all respects in accord with the terms and conditions of the judgment of foreclosure and sale, and in accord with the statutes then in force and effect. Following the sheriff's report of sale, as indicated in the foregoing statement of facts, the plaintiffs' attorneys made due application for the confirmation of the sale and for a judgment for the deficiency against the party personally liable for the debt. The court confirmed the sale, but denied the application for a deficiency judgment.

The sole question presented here was passed upon by this court in *Big Bay Realty Co. v. Rosenberg,* 218 Wis. 318, 259 N. W. 735. In that case this court, speaking through Chief Justice ROSENBERRY, said:

"The sole question presented upon this appeal is whether or not the court was in error in denying a deficiency judg-

ment under the circumstances of this case. We are cited to no authority, nor do we find any either in the case of the foreclosure of land contracts or the foreclosure of mortgages upon the basis of which a court of equity, having decreed and adjudged that the plaintiff is entitled to a deficiency judgment, may thereafter confirm the sale and deny a judgment for deficiency. . . .

"In this case the court confirms the sale but denies the deficiency judgment arbitrarily because the assessed value of the premises exceeded the amount of the judgment with interest. If the court upon the hearing had refused to confirm the sale and ordered a resale, the question would have been whether or not there was an error, but the court would have been well within the field of equity. *Having confirmed the sale, it was the duty of the court to render judgment for the deficiency in accordance with the law in such cases made and provided.*"

. In reference to the decision in *Suring State Bank v. Giese*, 210 Wis. 489, 246 N. W. 556, 85 A. L. R. 1477, this court, in *Big Bay Realty Co. v. Rosenberg, supra,* said:

"That case and the subsequent cases of *Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166, and *Weimer v. Uthus,* 217 Wis. 56, 258 N. W. 358, make it plain that the power of a court of equity to prevent an unconscionable result is to be exercised with respect to the sale, that if the sale be confirmed the legal consequences prescribed by the statute of the state of Wisconsin follow. There is no power in a court of equity to deny a party his statutory rights."

The instant case is ruled by this court's decision in *Big Bay Realty Co. v. Rosenberg, supra.* It follows that that portion of the order appealed from must be reversed and a deficiency judgment directed.

*By the Court.*—That part of the order appealed from is reversed, and the record remanded with directions that a deficiency judgment be entered in favor of the plaintiffs and against the defendant S. D. Austin in the sum of $1,578.23 with costs.