DRACH, Appellant, vs. HORNIG and wife, Respondents.

*April 27—June 2, 1936.*

The cause was submitted on the record and printed case, and the brief of *Orth & Orth* of Milwaukee, attorneys for the appellant, and the letter of *Martin Schottler* of Milwaukee, attorney for the respondents.

MARTIN, J. The sole question presented here has been passed upon by this court several times. *Big Bay Realty Co. v. Rosenberg,* 218 Wis. 318, 259 N. W. 735; *Weimer v. Uthus,* 217 Wis. 56, 258 N. W. 358; *Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166; *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556; *Buel v. Austin,* 219 Wis. 397, 263 N. W. 82. Under the foregoing decisions, the trial court might have refused to confirm the sale in question and ordered a resale, but having confirmed the sale, it could only render judgment for the deficiency appearing in the report of sale.

Ch. 449, Laws of 1935 (now sec. 278.105), has no application here, since it did not become a law until its publication on September 13, 1935. In any event, if the sale be confirmed, the legal consequences prescribed by the statute must follow. It follows that that portion of the order appealed from must be reversed and a deficiency judgment directed in favor of the plaintiff and against the respondents, C. Arthur Hornig and Emma Hornig, for the sum of $1,914.82.

*By the Court.*—That part of the order appealed from is reversed, and the record remanded, with directions that a deficiency judgment be entered in favor of the plaintiff and against the defendants, C. Arthur Hornig and Emma Hornig, in the sum of $1,914.82, with costs.