WAHL and others, Appellants, vs. H. W. & S. M. TULL-
GREN, INC., and others, Respondents.

*April 27—September 15, 1936.*

*William E. Burke* of Milwaukee, for the appellants.

For the respondents there was a brief by *Churchill, Bennett, Churchill & Davis* of Milwaukee, and oral argument by W. H. Churchill.

The following opinion was filed June 2, 1936:

Fowler, J. A judgment for specific performance of a land contract was entered in an action brought by the executor and legatees of the vendor which decreed a sale of the land and contained the following provisions:

(1) "If the proceeds of such sale be insufficient to pay the amounts aforesaid, the said sheriff shall specify the amount of such deficiency in his report of sale, and upon filing and confirmation of said report, judgment shall be rendered against the defendants, H. W. & S. M. Tullgren, Inc., a corporation, and H. W. Tullgren, who are personally liable for the payment of the debt, for the amount of such deficiency with interest thereon, and the plaintiffs shall have execution therefor.

(2) "It is further adjudged and decreed: That the court shall, upon application for confirmation of such sale, if it has not theretofore fixed an upset price, conduct a hearing and establish the value of said property and, as a condition to confirmation, require that the fair value of said property be credited upon the amount due to the plaintiffs from the defendants, H. W. & S. M. Tullgren, Inc., a corporation, and H. W. Tullgren."

No appeal was taken from this judgment.

On sale pursuant to the judgment the plaintiffs bid in the premises for $50,000 subject to over $5,000 unpaid taxes. The amount due on the judgment was $61,341.42. The plaintiffs moved for confirmation of the sale and for a judgment for deficiency. The defendants then moved the court, pursuant to provision (2) above quoted, "to conduct a hearing and establish the value of said property to the end that the fair value of said property so determined and established be credited upon the amount" due upon the judgment. Such

hearing was had and the value fixed at $67,000. The court thereupon confirmed the sale, but denied a judgment for deficiency because the value fixed exceeded the amount of the judgment, and crediting the amount of that value as required by provision (2) above quoted left nothing due upon the judgment.

The plaintiffs contend that the evidence produced at the hearing to fix the value of the premises does not support a valuation in excess of the amount bid at the sale; and that the court was obliged, if it confirmed the sale, to render a judgment for deficiency.

But for provision (2) of the judgment the latter contention would be plainly correct under the ruling in *Big Bay Realty Co. v. Rosenberg,* 218 Wis. 318, 259 N. W. 735, and *Buel v. Austin,* 219 Wis. 397, 263 N. W. 82. But it is contended by the respondents that, as the judgment expressly provides for the fixing by the court of an "upset price," and that the price so fixed be credited upon the judgment, and as this provision of the judgment was not appealed from by the plaintiffs, and therefore became binding upon the plaintiffs whether right or wrong, the court correctly applied the amount upon the judgment and properly denied a judgment for deficiency.

The ruling of the court would seem at first blush to be correct. But provision (2) of the judgment is in the express language of the opinion in *Suring State Bank v. Giese,* 210 Wis. 489, 493, 246 N. W. 556. It was manifestly taken from that opinion. Being so taken it should be given the meaning it has in that opinion. The paragraph from which it was taken is as follows:

"(3) The court may, upon application for the confirmation of a sale, if it has not theretofore fixed an upset price, conduct a hearing, establish the value of the property, and as a condition to confirmation, require that the fair value of the property be credited upon the foreclosure judgment. If

an upset price has been established, the plaintiff may be required to credit this amount upon the judgment as a condition to confirmation. If the fair value as found by the court, when applied to the mortgage debt, discharges it, there will be no occasion for the entering of a deficiency judgment. In case this procedure is adopted by the court, the option should be given to the plaintiff to accept or reject it. In the event of its rejection, the resale of the property should be ordered."

From the last two sentences above quoted it is plain that the court did not intend to promulgate the doctrine that the court may fix an upset price and then both confirm the sale and deny a deficiency judgment. It is plainly stated that, when an upset price is fixed, the plaintiff is not compelled to accept confirmation. He must be given the option to reject it and take a resale. The meaning of the rule of the *Suring Case* has been explained in the subsequent cases of *Big Bay Realty Co. v. Rosenberg* and *Buel v. Austin, supra, Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166, and *Weimer v. Uthus,* 217 Wis. 56, 258 N. W. 358. It is true that the syllabus to the opinion in the *Weimer Case* might lead one to infer that circumstances may exist which would warrant the court both to confirm the sale and deny a deficiency judgment, but the opinion, rightly construed, does not warrant that inference. What is said in the opinion as to the circumstances of that case is aimed at the want of occasion for a resale, and want of occasion for requiring the plaintiff to exercise the option required by the *Suring Case* to be given to the plaintiff.

In the *Weimer Case* the order granting confirmation and denying a judgment for a deficiency was reversed, with directions to enter a judgment for deficiency. The appellants claim that a like order should be entered herein. This would follow if the upset price did not exceed the sale price. They contend that the evidence before the court upon which the upset price was fixed does not warrant a valuation in excess

of the price bid at the sale. They do not deny that the opinion valuations given by the witnesses, if taken at their face, support the circuit court's finding, but claim that the opinions are not worthy of credence, in view of the undisputed facts that the premises consist of an apartment building, usable and salable only as income-producing property which is yielding an annual income of only $1,100, or at most $2,000 above the taxes and expense of maintenance, and contend that as matter of common knowledge no purchaser would pay $67,000 or anywhere near that amount for such a property. However, the evidence shows that the building is exceptionally well built. It was originally purchased for $80,000. Its reproduction cost is above $90,000. It was assessed in 1935 at $63,100. It is in excellent condition. The apartments are so arranged, finished, and equipped as to attract the wealthiest tenants, and rented before the depression at two or three times their present rental value. The respondents claim that these facts give the property a speculative value, based upon belief in improved business conditions and an increase in land values; and that the evidence shows that property of the kind is at present being purchased with view to speculation as well as to the income it presently produces. In view of the entire situation we cannot say that the valuation by the court is not supported by the evidence.

*By the Court.*—The order of the circuit court is reversed, with directions to enter an order giving to the plaintiffs the option to take an order confirming the sale and denying a deficiency judgment, or an order denying confirmation and ordering a resale.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.