FIDELITY UNION TRUST COMPANY, a corporation of the State of New Jersey, complainant-appellant,

*v.*

EMANUEL E. DREYFUSS, individually, &c., et al., defendants, and LOUIS L. DAVIDSON and WILLIAM E. LEHMAN, defendants-respondents.

[Submitted October term, 1936. Decided January 28th, 1937.]

*Messrs. Hood, Lafferty & Campbell (Mr. Harry Schaffer,* of counsel), for the appellant.

*Messrs. Levy, Fenster & McCloskey (Mr. Saul Tischler,* of counsel), for the respondent Louis L. Davidson.

*Messrs. Saul & Joseph E. Cohn (Mr. Arthur W. Egner,* of counsel), for the respondent William E. Lehman.

PER CURIAM.

The complainant (mortgagee) had a final decree in the court of chancery in a foreclosure matter. At the ensuing sale it bid $25,000 for the real estate under foreclosure. Thereupon, opposing confirmation of the sale, the mortgagors and those answerable for the debt filed petitions and affidavits setting forth their inability either to have protected themselves at the sheriff's sale or to pay off the mortgage, and prayed that the fair market value of the property, at the time of the sale, be credited on the bond. Their affidavits recited that the value of the property was $200,000.

The mortgagee presented affidavits to the court of chancery claiming that the mortgaged premises had a value slightly in excess of $116,000 and offered at that time, when the matter of confirming the sale was before the court, to credit $116,000 on the bond and advanced the argument, as we gather, that this amount should be considered as its bid, and that even though the property was worth $200,000, a bid of $116,000 was not so low as to make a sale at that price unconscionable.

It is idle to discuss that proposition because the bid of the mortgagee, at the time of the sale, was only $25,000.

The vice-chancellor disposed of this point as follows:

"The * * * proposition is distinctly novel and opens the door to fraud, since ordinarily no one can dispute what figure a mortgagee has in mind to bid. An unscrupulous mortgagee might always offer to credit half the fair value of the property and say that he was ready to bid that much, and hence that the sale was not unconscionable."

We are in accord with the court's disposal of this proposition. The court referred the matter to a master to determine the fair value of the real estate as of the date of sale, and, we assume, the financial ability of those answerable for the debt to have paid off the mortgage or protected their interests at the sheriff's sale. We think the order referring the matter was proper and well within the court's discretion.

If the mortgagee does not bid a fair, conscionable sum at the sale, the risk is present that a court of equity will protect an impecunious mortgagor from liability on the bond beyond what is fair and just in amount.

It is objected by respondents that the order in question is not appealable. We are of the opinion that it is. The statute provides that an appeal may be taken from any order or decree of the court of chancery by a person aggrieved thereby. Chancery act, *P. L. 1902 p. 545,* as amended, *P. L. 1907 p. 452; 1 Comp. Stat. p. 450 § 111; P. L. 1914 ch. 86 p. 133.*

The order under review, referring the matter to a master, adversely affects the interest of the appellant. It delays the mortgagee in obtaining its right of property; it entails the running of interest on the debt and possibly loss of rents and in kindred ways affects its financial and property interests. The mortgagee is therefore an aggrieved party within the meaning of the statute.

The order is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.