634

First National Bank & Trust Company of Racine,
    Appellant, vs. Plous Brothers and others, Respond-
    ents.

*April 7—April 27, 1937.*

For the appellant there were briefs by *Thompson, Myers & Helm,* attorneys, and *Lyman B. Gillett* of counsel, all of Racine, and oral argument by *Mr. William D. Thompson* and *Mr. Gillett.*

For the respondents there was a brief by *Kadwit & Lepp,* and oral argument by *Harry J. Kadwit* and *Frederick K. Plous,* all of Kenosha.

NELSON, J. The plaintiff contends that the court erred in denying its motion for a deficiency judgment in the sum of $2,882.34. Under the terms of the mortgage, the plaintiff was entitled to a deficiency judgment, in case the proceeds of sale on foreclosure were insufficient. The complaint prayed for such a judgment and the judgment entered so provided, but the court, upon motion to confirm, limited the amount thereof, apparently upon the ground that $18,500 represented the amount which it was satisfied the plaintiff should credit on the mortgage debt as the "fair value" of the premises, sec. 278.105 (2), Stats., and as a condition of having the report of sale immediately confirmed. *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556, 85 A. L. R. 1477; *Kremer v. Rule,* 216 Wis. 331, 257 N. W. 166; *Big Bay Realty Co. v. Rosenberg,* 218 Wis. 318, 259 N. W. 735; *Buel v. Austin,* 219 Wis. 397, 263 N. W. 82; *Weimer v. Uthus,* 217 Wis. 56, 258 N. W. 358; *Wahl v. H. W. & S. M. Tullgren, Inc.,* 222 Wis. 306, 267 N. W. 278. Both parties asked the court to determine the reasonable value of the premises. The court, after hearing, fixed the reasonable value thereof. Because, however, of a variance between the fair value or upset price orally expressed, by the court at the conclusion of the hearing, and the upset price written into the formal order

by the court, uncertainty resulted as to what the court really intended to find. The upset price of $18,500 is considerably higher than is warranted by the testimony of any of the experts. However, that price was considerably less than the value put upon the premises by the assessor of the city of Racine for taxation purposes. The formal order signed by the court fixed "the upset price of the premises at the sum of sixteen thousand five hundred dollars ($16,500) together with all costs, fees and expenses incident thereon." Just what the court intended to find is not clear. When the plaintiff's motion to confirm the sale was considered, the court, after argument, fixed the amount of the deficiency judgment at $782.34 as the better thing to do and in keeping with what the court had had in mind at the time it fixed the reasonable value or upset price of the premises.

The precise question to be determined hinges on the further questions, whether the court confirmed the sale on condition that a deficiency judgment for only $782.34 might be entered, and whether the court gave to the plaintiff an option to reject the terms and conditions of confirmation. It was, of course, the plaintiff's right, upon a conditional confirmation of the sale, to have an opportunity to accept or reject it upon the terms specified, and if rejected, to have a resale of the premises. *Suring State Bank v. Giese, supra,* and *Wahl v. H. W. & S. M. Tullgren, Inc., supra.* The court specifically stated that the "sale *may* be confirmed on the condition that the deficiency will be $782.34 and you *may* have deficiency judgment for that amount." It appears therefore that the sale was conditionally confirmed and therefore the plaintiff was in effect given an option to accept or reject it. The plaintiff, not having rejected the conditional confirmation, but to all intents and purposes having accepted it by drawing an order confirming the sale, it must be held to have accepted it and to be bound by the terms imposed by the court in confirming the sale.

While the upset price of $18,500 is considerably higher than the market value of the premises, we cannot say that the court erred in determining the reasonable value or upset price to be $18,500. It appears from the testimony that the market values of properties on Main street in the city of Racine had not recovered from the low values current during the depression, and the court no doubt was of the opinion that the reasonable value was much higher than the depression value.

*By the Court.*—The parts of the order appealed from are affirmed.