This is a foreclosure suit in which a decree was entered for the complainant in the sum of $134,261, plus interest and costs taxed at $1,444.01. Execution thereafter issued and the mortgaged premises were sold by a special master to the complainant on its bid of $125,000.
The defendant Pasternack filed objections to confirmation of the sale and a petition that the property be resold or that the complainant be ordered to give the defendants credit for the fair market value of the property as a condition of the confirmation of the sale. Defendants say that the property was sold at any unconscionable figure and that it has a market value in excess of $287,000. *Page 181 
The action taken by the defendants was in reliance upon the authority of Federal Title and Mortgage Guaranty Co. v.Lowenstein, 113 N.J. Eq. 200; Young v. Weber, 117 N.J. Eq. 242,
and kindred cases. Complainant has filed a brief attacking the soundness of the Lowenstein decision and the cases which have followed it. The argument is very interesting, but not persuasive. The principles set forth in the Lowenstein Case are the law of this court and have been since the date of that decision. The principle rule of the Lowenstein Case has but recently been approved by the court of errors and appeals inNational Mortgage Corp. v. Deering, 121 N.J. Eq. 274, andFidelity Union Trust Co. v. Dreyfuss, 121 N.J. Eq. 281.
Complainant's argument, coming at this late date, and after the principles which have guided this court in similar cases have become so thoroughly established, cannot prevail.
Complainant cites Weimer v. Uthus, 217 Wis. 56;258 N.W. Rep. 358, a decision of the supreme court of Wisconsin, as authority for the statement that the emergency which brought about the rule of the Lowenstein Case no longer exists. Whether or not the emergency has passed in Wisconsin this court is not in a position to judge, and whether it still exists in this state may be a subject of proof. At any rate, the question cannot be determined on a mere assertion by counsel.
However, it appears that the defendants' objections to the confirmation of the sale are without merit. As previously recited, the complainant held a decree for approximately $135,000 and purchased the property on its bid of $125,000. This was not a sale at an unconscionable figure such as to move the court to grant the relief sought. It is true that the defendants in their affidavit allege that the property has a value in excess of $287,000. If such be the fact, if the complainant had bid the exact amount due on its decree, there would still be a considerable discrepancy between the amount of such bid and the value of the property, and for such discrepancy the complainant could in no way be held responsible. The additional discrepancy, if it be termed that, occasioned by a bid of $125,000 instead of the amount due on the *Page 182 
decree, is not of sufficient degree or magnitude to warrant the granting of the unusual relief sought by the defendants. In passing, it might not be amiss to call attention to the fact that among the affidavits filed by the defendant is one of a real estate expert, fixing the value of the land in question as of the date of the sale at $125,336.
The sale will be confirmed.