Complainant in its first cause of action set forth in its bill of complaint, foreclosed a mortgage which it held for $5,500 on property in the city of Linden under a decree dated May 31st, 1938, for $5,881.34 with interest from May 6th, 1938, together with two-thirds of its costs and a counsel fee of $138.
In its second cause of action complainant foreclosed a mortgage in the sum of $3,000 on property in the township of Woodbridge, and obtained decree in the sum of $2,985.07, together with interest from May 6th, 1938, and one-third of its costs.
The matter is now before me on objection to confirmation of sale. The petition accompanying the objection to confirmation *Page 401 
sets forth that the bid of $3,000 is insufficient and unconscionable and also the existing emergency, together with the inability of the petitioner to protect itself at the the master's sale. Young v. Weber, 117 N.J. Eq. 242.
At the master's sale the property foreclosed in the first cause of action was sold for the sum of $3,000 to the complainant subject to municipal liens amounting to $526.52 plus interest.
The proof on the part of petitioner as to the value of this property is the sum of $16,820. No proof on the part of complainant as to the value thereof was offered. One of the answering affidavits was made by the special master who conducted the sale and he therein sets forth that there was competitive bidding at the sale; that the sale was attended by strangers as well as representatives of the complainant and the defendant; that complainant firstly bid $1,000 and thereafter a bid of $1,100 was "made by either Mr. Philip Cohen, solicitor for the defendant, or by a stranger, with whom Mr. Cohen was in conversation during the sale. The complainant bid $2,000. The same stranger then bid $2,500. Complainant raised its bid to $3,000 which was the highest and last bid made." (Italics mine.)
Prior to the economic stress in which we presently find ourselves, it was the rule to confirm sheriffs' sales where there was competitive bidding and no irregularities appeared, since it was considered as of the greatest importance to encourage bidding by giving to every bidder the benefits of bids made in good faith and without collusion or misconduct. Morrisse v. Inglis,46 N.J. Eq. 306. The ineffectiveness of the rule to encourage competitive bidding in these times of stress is generally recognized. Federal Title, c., Guaranty Co. v. Lowenstein,113 N.J. Eq. 200, 206. There was in this case perfunctory bidding, which ceased at less than one-fifth of the admitted value of the property. I do not regard that which is set forth and quoted from the answering affidavit of the special master as competitive bidding in the sense that term is understood by this court and used in Federal Title, c., Guaranty Co. v.Lowenstein, supra. The so-called competitive *Page 402 
bidding emphasizes not only the inability of the petitioner to protect himself at the sale, but also the lack of competitive bidding in these times, viewed in the light of the admitted fact that the property is worth the sum of $16,820.
Under the circumstances the court's discretion in such matters should be exercised and the matter referred to a master to determine the fair value of the property in question as of the date of sale, together with the matter of the financial ability of the mortgagee to have paid off the mortgage or protected its interest at the sheriff's sale. Fidelity Union Trust Co. v.Dreyfuss (Court of Errors and Appeals), 121 N.J. Eq. 281.
There will be a reference to a master.
Complainant's solicitors having waived in open court any deficiency arising from the sale of the property involved in the second cause of action it becomes unnecessary to further consider the objection to confirmation of the sale of the property therein described. *Page 403