465 P.2d 287

**CITY BUILDERS SUPPLY, INC., a corporation, Plaintiff-Appellee,**

v.

**Howard L. STONE and Sarah U. Stone, his wife, Defendants-Appellants.**

**No. 8926.**

Supreme Court of New Mexico.

Feb. 20, 1970.

---

James C. Compton, Portales, for defendants-appellants.

Donald S. Bush, Artesia, for plaintiff-appellee.

## OPINION

WATSON, Justice.

This is an appeal from a deficiency judgment in the sum of $7,859.77 entered after the confirmation of the special master's report of the sale at public auction of mortgaged property for $20,800.00. Appellants, the mortgagors, objected to the report because the bid was too low, and they asked that the property be readvertised or that the mortgagee be required to bid the fair market value of the property which the parties had agreed was $26,000.00 at the time of the sale. The property, a house and lot in Artesia, New Mexico, was sold on the sole bid of the mortgagee, the appellee here.

Appellants contend that in an equitable proceeding, as here, it is within the court's discretion to secure for the landowner the fair value on the sale, but that here the court abused its discretion, and as a consequence the mortgagee is unjustly enriched by $5,200.00, the difference between the confirmed sales price and what it should have been, i. e., the market value.

In Las Vegas Ry. & Power Co. v. Trust Co. of St. Louis County, 15 N.M. 634, 110 P. 856 (1910), property worth from $100,000.00 to $120,000.00 was sold for $65,000.00, $8,000.00 of which went for expenses, leaving a net of $57,000.00 to be applied on the loan. Justice Wright for the territorial court held that not only was the price grossly inadequate but that the bidding had been interfered with. He set the sale aside but allowed the purchaser to meet of bid of $100,000.00 which had been guaranteed but was later avoided. We quote a portion of the opinion:

"The general rule in the United States is as follows:

"In Blanks et al., v. Farmers' Loan and Trust Co. et al., 122 F. 849, [59 C.C.A. 59], the court states the rule as follows:

'It is perfectly well settled that a judicial sale will not be set aside for inadequacy of price unless it be so gross as to shock the conscience, or unless there be additional circumstances which would make it inequitable to allow the sale to stand.'" (Authorities omitted.)

"* * *

"Upon this question the United States Supreme Court, in Schroeder v. Young, 161 U.S. [334] 337, [16 S.Ct. 512, 513, 40 L.Ed. 721] says:

'While mere inadequacy of price has rarely been held sufficient in itself to

·justify·setting aside a judicial ·sale o·f property, courts are not slow to seize upon ·other·, circumstances impeaching the fairness of the transaction, as a cause for vacating it, especially if the inadequacy be so gross as to shock the conscience. \* \* \* ' "

The general rule set forth above was re-iterated by this court in Jones v. Page, 26 N.M. 440, 194 P. 883 (1920), cert. denied. 256 U.S. 696, 41 S.Ct. 536, 65 L.Ed. 1176 (1921), where a sale for $70,000.00 of assets of a book value of $80,000.00 to $150,000.00 was upheld, there being no evidence of ir-regularities.

Appellants do not dispute the general rule as stated, nor do they claim any irregu-larities in connection with the sale. They call to our attention the Wisconsin case of Suring State Bank v. Giese, 210 Wis. 489, 246 N.W. 556, 85 A.L.R. 1477 (1933), where the trial· court was affirmed in setting aside a $600.00 bid for property valued from $1,000.00 to ·$3,000.00, and the Oregon case of Teachers' Retirement Fund Ass'n v. Pirie, 150 Or. 435, 46 P.2d 105 (1935), where a sale for $15,000.00 for property appraised from $20,000.00 to $26,000.00 was set aside on appeal. In both of these cases the courts took judicial notice of the then present economic depression which pre-vented competitive bidding and rendered the sales inequitable. Appellants make no such claim here.

Under the circumstances here the bid was in an amount equivalent to 80 per cent of the agreed market value and not so grossly inadequate as to shock the conscience of the court. The appellants had an opportu-nity to bid, or to obtain other bidders, at the sale, and they had a redemption period in which it would seem that funds could have been obtained if the value of the property actually did greatly exceed the sales price. Their mortgage did not require appellee to accept the property at its market value in satisfaction of their indebtedness, nor do the statutes of this state. From the record before us, we cannot conclude that the trial court abused its discretion in con-firming the sale.

The judgment is affirmed.

It is so ordered.

MOISE, C. J., and SISK, J., concur.