CHARLES BARTON, TRADING AS SAMUEL BARTON & SONS, v. STORY R. HARKER.

Argued February 17, 1903—Decided June 9, 1903.

Defendant's counsel, in his cross-examination of witnesses, by his questions referred to the defence to be offered, but defendant's claims were not admitted, and credits claimed were not produced in the way of evidence. After plaintiff's case closed, the case was put off a number of times at the request of defendant's counsel, and on the last day fixed defendant's counsel telegraphed his client not to attend, so that he did not do so and the case was closed without the defence being considered. *Held*, that the defendant was misled by his counsel, the judgment should be opened and defendant given an opportunity to put in his defence.

On rule to show cause.

Before Justices VAN. SYCKEL and GARRETSON.

For the plaintiff, *Halsted H. Wainright.*

For the defendant, *Scott Scammell.*

PER CURIAM.

This is a rule to show cause obtained by the defendant why a judgment entered upon the report of a referee should not be set aside upon the ground that the defendant was prevented from presenting his defence.

It appeared in the evidence taken on the rule that several hearings of the case were had and the defendant's counsel, in his cross-examination of witnesses, by his questions referred to the defence to be offered, but his claims were not admitted, and the credits of the defendant were not produced in the way of evidence.

After the plaintiff's case closed a day was fixed to go on with the defendant's case.

The case was put off a number of times at the request of the counsel of the defendant, and upon the last day fixed, and of which the defendant had notice, when the referee closed the case the defendant's counsel telegraphed his client not to attend, and in obedience to that telegram the defendant did not attend, and the case was closed and the report made without the defence being considered. As the defendant seems to have been misled by his counsel, he should have an opportunity to put in his defence.

The rule to show cause will be made absolute; the costs, however, to be paid by the defendant and the judgment to stand as security to the plaintiff until the final determination of the cause.