THOMAS B. WOOTTON et al., administrators *cum testamento annexo* of the estate of Mary A. Wootton, deceased, complainants-appellants,

*v.*

LOUIS R. POLLOCK et al., defendants-respondents.

[Argued February 6th, 1935.   Decided October 9th, 1935.]

*Mr. William Charlton,* for the complainants-appellants.

*Mr. William M. Clevenger* and *Mr. Thomas R. Clevenger,* for the defendants-respondents.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up an order of the court of chancery striking a bill of complaint as to the defendant William R. Layton, who was executor under the will of Annie E. Wagner, deceased, the obligor on the bond involved, and also is a devisee of said Annie E. Wagner, deceased, because the bill of complaint was not filed within three months after the sheriff exposed for sale property sold in foreclosure.   *P. L. 1933 ch. 82 p. 172.*

The factual situation is that Annie Wagner made a bond secured by mortgage on real estate in Atlantic City.   She conveyed to Louis R. Pollock, who assumed payment of the mortgage.   Annie Wagner died leaving a last will and testa-

ment, of which she appointed William R. Layton executor. May Bachman was a legatee and William R. Layton was a legatee and devisee of a share of the estate.

Foreclosure of the mortgage was instituted and went to sheriff's sale, at which the mortgagees, who are administrators *cum testamento annexo* of the original mortgagee, Mary A. Wootton, deceased, purchased the property for $100. The decree was for $73,920 and costs of $856.73. Objections were made to the confirmation of the sale, which took place on January 11th, 1934. On February 21st, 1934, John B. Slack, a special master to whom the matter was referred, reported that he found the fair value of the premises as of January 11th, 1934, the day of the sheriff's sale, to be $67,500. Thereafter exceptions were filed to that report and the proceedings were not terminated until May 3d, 1934, when a vice-chancellor confirmed the findings of the special master. On May 15th, 1934, the complainants-appellants filed a written consent that the sum of $67,500 be credited upon their decree in lieu of the $100 paid at the sheriff's sale.

Thereafter, on June 18th, 1934, the present bill was filed seeking to charge the assuming grantee and the other persons named as defendants with the deficiency of $6,420, besides interest and costs. Motion was made by the representatives of the original obligor to strike the bill on the ground that it was not filed within three months after the date of the sheriff's sale. Chapter 82 of the laws of 1933, page 172.

A very narrow question is here presented, namely, whether the date of sale referred to in the statute is that whereon the sheriff strikes off the property.

We are familiar with those decisions which hold that, for certain purposes, the rights of the parties are fixed as of the time of the sheriff's sale, and that the confirmation relates back to the striking off of the property, but do not conceive that those cases control the situation here presented, where the question is the meaning of the word "sale" in this statute for the purpose of starting the running of the three months' period after which no suit for deficiency may be brought.

The statute under consideration provides, *inter alia,* that

"all suits on said bond shall be commenced within three months from the date of the sale of said mortgaged premises."

Leaving aside the question whether or not the statute is applicable to suits in chancery for the enforcement of the assumption of the debt by a grantee of the original obligor (*Green* v. *Stone, 54 N. J. Eq. 387*), and also the question whether or not the running of a statute of limitations is tolled during the pendency of proceedings to determine the propriety of confirmation of sale, or to fix the amount of the deficiency debt, we proceed to a determination of what is intended by the word "sale" as used in the statute.

In *Marts* v. *Cumberland Mutual Fire Insurance Co.* (*Supreme Court*), *44 N. J. Law 478,* a suit to recover on a fire insurance policy by a mortgagee, at the time of the fire a decree in chancery for the sale of the property in foreclosure had been entered, and the property had been put up for sale by the sheriff and bid in by the mortgagee, but no deed had been delivered, and because of the fire the mortgagee refused to accept a deed. The mortgagee on a resale purchased the property and took his deed. The insurance policy contained a provision that it was to become void upon a *sale* or *alienation* of the property insured. The question presented was, was there an alienation or sale before the fire, within the terms of the contract.

Mr. Justice Dixon, speaking for the supreme court, said: "These words 'alienation' and 'sale' import an actual transfer of title. This is uniformly true of 'alienation' when properly employed (*Kane* v. *Hibernia Insurance Co., 9 Vr. 441, 455; May Ins.* § *276*), and although 'sale' may be used to signify a mere contract to sell, yet in strictness it denotes only an actual transmission of property." He further said: "Now, under the facts in this case there had not been, at the time of the fire, an actual transfer of title; there was only a contract of sale."

By the terms of the statute (*3 Comp. Stat. p. 3422* § *50*), a sheriff's sale in foreclosure must be confirmed by the court to be valid and effectual in law, and the officer making the sale directed to execute good and sufficient conveyances.

In passing upon the meaning of the word "sale" as used in

section 85 of the Orphans Court act (*3 Comp. Stat. p. 3842*), the language being almost identical with that used in section 50 of the act concerning proceedings on bonds and mortgages, this court in *Ryan* v. *Wilson, 64 N. J. Eq. 797*, speaking through the same justice, said:

"By force of the statute the 'sale' reported to the court is not a perfect contract made by competent parties, but is a bargain dependent upon the approval of the court to render it 'valid and effectual in law.' Such approval should, in our judgment, be given or withheld upon consideration, not merely of matters pertinent to the avoidance of a complete contract, but of all matters pertinent to the question of accepting the proposal presented."

In *Campbell* v. *Hough, 73 N. J. Eq. 601*, a bill was filed to compel the specific performance of a contract for the sale of lands by an administratrix who had obtained an order for the sale of such lands in the orphans court. On a motion for a preliminary injunction, the late Chancellor Walker held that specific performance of an agreement to sell lands by an administratrix under order of the orphans court could not be ordered in the absence of confirmation by that court. He said: "The want of power in this court to order a specific performance of the contract under consideration, because the sale negotiated by the agent is unconfirmed, being so plainly against the complainant, I must, upon this ground, deny him preliminary relief."

We deem the reasoning of these cases to be applicable to the question presently pending. When it is considered that the rights of the parties obligor and obligee are not settled until after confirmation, strong reason appears for adopting the view that "sale" as used in the statute means a completed sale by appropriate judicial sanction. In *Marts* v. *Cumberland Insurance Co., supra,* this language is used:

"Mrs. Lore [mortgagor] whose interest was insured, had still important rights in the property when the fire occurred. Her mortgage debts to Powell and to the plaintiff were not yet satisfied, and she was entitled to have that property used for their payment. Her equity of redemption was not yet absolutely foreclosed, but was merely suspended * * *."

In the instant case, objection was made to confirmation of sale, the matter was referred to a master to report upon the fair value of the property, exceptions were taken to the master's report by the respondent, finally the report was sustained, and the sale confirmed upon condition that appellant credit on the bond the value of the property as reported by the master. The appellant filed a written consent and the order of confirmation was entered. It appears, therefore, that a period of more than three months after the striking off of the property by the sheriff was occupied with the determination of the matters raised by the defendant-respondent.

Upon sound reasoning, it would appear that there was no sale until the court of chancery judicially determined, by virtue of the requirement of the statute, that the sale was valid and effectual. *Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596*. If the sale had not been confirmed, the amount of deficiency, if any, was not determined, and appellant's right to have a judgment or decree for such undetermined deficiency was non-existent. We conclude that a sale, under the statute in question, is not complete until after confirmation, and that the bill in this case was filed within time.

The order under review is reversed.

*For affirmance*—THE CHIEF-JUSTICE, PERSKIE, VAN BUSKIRK, HETFIELD, JJ. 4.

*For reversal*—PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, DEAR, WELLS, JJ. 8.