WEST JERSEY TRUST COMPANY, TRUSTEE, PLAINTIFF, v. OSCAR V. BIGHAM AND MARY V. BIGHAM, DEFENDANTS.

Decided September 24, 1936.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the plaintiff, *Charles A. Cogan* (*Louis B. LeDuc,* of counsel).

For the defendants, *Bourgeois & Coulomb* (*William B. Hunter,* of counsel).

PERSKIE, J. The question requiring decision in this cause is whether a deficiency judgment entered as a result of a confirmed sale of the mortgaged premises, in foreclosure, for $100, can stand after said sale is set aside by the Court of Chancery, and in pursuance of such order complainant elects to, and does, in fact, effect a re-sale of said premises.

The stipulated facts, giving rise to this query, disclose that, in the foreclosure proceedings defendants here were defendants, and plaintiff was the complainant; that defendants were the owners of certain premises in Ocean City, New Jersey, which were subject to a mortgage of $5,000 held by plaintiff. A bill to foreclose this mortgage was filed in the Court of Chancery. Under the foreclosure proceedings the premises were sold at sheriff's sale on December 13th, 1933, and were purchased by a holding company for complainant for $100. On December 22d, 1933, the sale was confirmed. On January 17th, 1934, the deficiency resulting from that sale was, in a bond and warrant proceeding, reduced to a judgment of $5,548 and costs. Thereafter, on July 18th, 1934, defendants petitioned the Court of Chancery, *inter alia,* that the prior order of the court confirming the sale of the premises for $100 be vacated, and that the "fair market" value of said mortgaged premises be determined, and that complainant be compelled to credit the fair market value of said premises upon the amount of the deficiency judgment entered, as aforesaid, against them.

Pursuant to the prayer of the petition the Court of Chancery did, on July 26th, 1934, refer the determination of the "fair market" value of the premises to one of the masters of that court. The latter reported that in his opinion the premises had a fair market value of $5,600.

On March 6th, 1935, the Court of Chancery confirmed the master's report and ordered that:

"* * * said sheriff's sale, be and the same is hereby vacated; and that the said mortgaged premises be resold by the sheriff of Cape May county, unless the complainant evince its willingness to credit the fair actual value of said mortgaged premises as determined herein by the court, upon the

payment of its deficiency judgment obtained in the New Jersey Supreme Court against defendant petitioners * * *."

Under the last stated order complainant elected to, and did, in fact, on June 17th, 1935, re-sell the premises. Again complainant's holding company was the purchaser, but this time the price was $4,500. This sale was subsequently confirmed. The original deficiency judgment based on the first sale remaining unsatisfied defendants, on June 12th, 1936, petitioned this court that the judgment of January 17th, 1934, "be vacated, canceled of record," &c.

For defendants it is argued, in substance, that since a deficiency judgment against obligors on a bond secured by a mortgage can only be entered in a proceeding after sale of the mortgaged premises (*Pamph. L.* 1933, *ch.* 82, *p.* 172), *i. e.*, if suit be brought within three months of the confirmation date of the sale (*Wootton* v. *Pollock* (*Court of Errors and Appeals,* 1935), 119 *N. J. Eq.* 128; 181 *Atl. Rep.* 172), and since the sale determines the deficiency (*Berman* v. *One Hundred Forty-five Belmont Ave. Corp.,* 109 *N. J. Eq.* 256, 261; 156 *Atl. Rep.* 830; *affirmed,* 112 *N. J. Eq.* 171; 163 *Atl. Rep.* 893), that, therefore, when the court set aside the first sale it removed the very foundation upon which the deficiency was made to rest; and that when the foundation for the judgment was non-existent the judgment itself has no right to exist. It is further argued that this is particularly so when, as here, complainant elected to, and did, in fact, pursuant to the order setting aside the sale, effect a re-sale of the premises.

For the plaintiff it is argued, in substance, that the deficiency judgment is not a void judgment but merely a voidable judgment; that a proceeding, as here, to vacate a voidable judgment, for matters dehors the record, is addressed to the sound discretion of the court, and invokes equitable principles; that it would be unjust, oppressive and inequitable (*LaBell* v. *Quasdorf,* 116 *N. J. L.* 368; 184 *Atl. Rep.* 750) to grant the relief sought for by so doing defendants would receive what they are not entitled to, namely, a release from their obligation to pay the deficiency due on their bond; and that, at all events, defendants are barred by their laches.

No allegation of fraud, misconduct or collusion is made to appear (*Cf. Barton* v. *Harker,* 69 *N. J. L.* 603; 55 *Atl. Rep.* 105), nor was the judgment prematurely (34 *C. J.* 294), or illegally entered. *Westfield Trust Co.* v. *Court of Common Pleas,* 115 *N. J. L.* 86; 178 *Atl. Rep.* 546; affirmed, 116 *N. J. L.* 190; 183 *Atl. Rep.* 165.

It is true that in the case of *Wootton* v. *Pollock, supra,* our Court of Errors and Appeals, opinion by Mr. Justice Donges, held (at *p.* 132):

"Upon sound reasoning, it would appear that there was no sale until the Court of Chancery judicially determined, by virtue of the requirement of the statute, that the sale was valid and effectual. *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596. If the sale had not been confirmed, the amount of deficiency, if any, was not determined, and appellant's right to have a judgment or decree for such undetermined deficiency was non-existent. We conclude that a sale, under the statute in question, is not complete until after confirmation, and that the bill in this case was filed within time."

And it is also true that in the case at bar the Court of Chancery had confirmed the sale of the premises for $100, and, therefore, this court at the *time of the entry of the judgment* had jurisdiction of the subject-matter and of the parties. *Ritter* v. *Kunkle,* 39 *N. J. L.* 259; *Dorman* v. *Usbe Building and Loan Association,* 115 *Id.* 337, 342; 180 *Atl. Rep.* 413.

But whether the judgment is void or voidable does not, under the proofs here exhibited, seem to me to be of any consequence; in either event, I reach the same result. The decree confirming the first sale of the premises was vacated. And that order, so far as it is made to appear, remains unchallenged. Thus the necessary statutory prerequisite of a sale of the mortgaged premises prior to the entry of the deficiency judgment was made non-existent, and, therefore, it logically, rightly and legally follows that plaintiff's right to a judgment for the then undetermined deficiency also was non-existent. *Wootton* v. *Pollock, supra.*

As already stated plaintiff concedes that the judgment is voidable, and, on that premise, argues that equitable prin-

ciples are invoked; that the granting or refusal of the application is addressed to the sound discretion of the court. On the argument counsel for the plaintiff stated (although no such statement is contained in the stipulation of facts) that defendants are entitled to receive a credit on the judgment for the amount realized on the re-sale of the premises but are not entitled to a cancellation thereof. It is stoutly argued that it is inequitable to release defendants, especially so after their delay in making this application, from their obligation to pay the deficiency due on their bond. This is not so. The entry of a deficiency judgment is regulated by statute. These statutory provisions must be strictly observed. Plaintiff's right to a deficiency judgment against defendants on their bond came again into being when the Court of Chancery confirmed the re-sale of the premises. Plaintiff did not choose, or see fit, to exercise that right. It surely trenches upon no equitable principle—in favor of plaintiff—to deny its claim merely because it permitted the statutory period within which it could have instituted suit against defendants to expire. Plaintiff alone should suffer the consequences.

The rule to show cause is made absolute, with costs.