ISAAC CHODOSH, PLAINTIFF-APPELLANT, v. SAMUEL SCHLESINGER, DEFENDANT, AND WINBER REALTY COMPANY, A CORPORATION OF NEW JERSEY, ABE BAUER AND JACOB S. KAPLAN, DEFENDANTS-RESPONDENTS.

Submitted October 29, 1937—Decided January 26, 1938.

For the plaintiff-appellant, *David M. Klausner.*

For the defendant-respondent Abe Bauer, *Walter J. Freund* and *Ralph A. Emerson.*

The opinion of the court was delivered by

BODINE, J.   On April 29th, 1926, Samuel Schlesinger executed a bond and mortgage to Isaac Chodosh in the principal sum of $6,000, payable in three years.   On May 1st, 1929, the Winber Realty Company, a corporation, Abe Bauer and Jacob S. Kaplan, individuals, the Winber Realty Company having acquired the property described in this mortgage, entered into an agreement whereby they jointly and severally covenanted to pay the said bond and mortgage and the interest thereon.   The consideration for the covenant was a three-year extension of the due date of the mortgage.   On the 2d day of May, 1932, a similar extension and covenant was given. The mortgage in the meantime had been reduced to the principal sum of $5,000.   A collateral bond was then executed signed by the same parties.

The present action was on the covenants contained in the extension agreements and upon the collateral bond; the mortgage having been foreclosed a deficiency resulted. Although the present action was brought within the time allowed by law for suits for a deficiency, one of the tenants in possession of the property had not been made a party defendant to the foreclosure proceeding.   Anticipating the effect of this omission upon the suit for a deficiency, since the decision of this court in *American-Italian Building and Loan* v. *Liotta,* 117 *N. J. L.* 467, the present action was brought upon the independent covenants for payment.   The court directed a verdict in favor of the defendants and the plaintiff appeals.

Section 48 of the Mortgage act (3 *Comp. Stat., p.* 3421, as amended *Pamph. L.* 1933, *p.* 172), requiring prior foreclosure of a mortgage before an action may be brought upon the bond applies to instances only where the bond and mortgage is given for the same indebtedness and does not apply to a case where a note is given.   *Asbury Park and Ocean Grove Bank* v. *Giordano,* 3 *N. J. Mis. R.* 555; *affirmed,* 103 *N. J. L.* 171.   The act deals only with the action on the bond where a mortgage has been given as security therefor.   *Sivade* v. *Smith,* 104 *N. J. Eq.* 528.

When property is purchased with an assumption of the mortgage debt then covering the premises an obligation is incurred to the grantors which inures in equity to the benefit of the holder of the bond and mortgage which the holder can enforce in equity.

"The remedy in equity to enforce such obligation is not impaired by the act concerning proceedings on bonds and mortgages (*Comp. Stat., p.* 3420, §§ 47 *et seq.*), as amended, which act regulates the form of procedure in foreclosure suits and applies to suits at law upon the mortgage bond, and such remedy is independent of the foreclosure suit. *Green* v. *Stone,* 54 *N. J. Eq.* 387; *Teitz* v. *Meano,* 107 *N. J. Eq.* 210. And by complainants' covenant * * * to pay the mortgage debt, complainants became directly and primarily liable to the mortgagee, and this, too, independent of the statute just cited. *Pfeiffer* v. *Crossley,* 91 *N. J. Law* 433; *affirmed,* 92 *N. J. Law* 638; *Gaffney* v. *Wm. E. Wright & Sons Co.,* 112 *N. J. Law* 191." *McFarland* v. *Withers,* 122 *N. J. Eq.* 167, 170.

"In cases of absolute guarantee of payment of the obligation of another, the party guaranteed may hold the guarantor without suing on the primary obligation, is not bound to notify the guarantor of default as a condition precedent to suit, and is not barred by delay in calling on the debtor for payment." *Pfeiffer* v. *Crossley,* 91 *N. J. L.* 433; *affirmed,* 92 *Id.* 638.

In *Gaffney, v. Wm. E. Wright & Sons Co.,* 112 *N. J. L.* 191, the liability of the defendants was predicated upon an extension agreement of a bond and mortgage executed by them. The agreement contained a covenant that the party, owner of the property, would pay the indebtedness as provided for in the mortgage. The obligation being primary, the plaintiff was not obliged to exhaust his remedy under the mortgage.

"In cases of absolute guarantee of payment of the obligation of another, the party guaranteed may hold the guarantor without suing on the primary obligation and (in cases of the guarantee of an installment note given on conditional sale of an automobile) is not bound as against the guarantor

to pursue any of the remedies provided for in the contract of conditional sale." *Superior Finance Corp.* v. *McCrane,* 116 *N. J. L.* 435.

In the present action, the suit being for the breach of the independent primary covenants that the bond and mortgage would be paid at the extension date, there is no reason why a judgment should not have been directed for the plaintiff and the direction of a verdict in favor of the defendant was clear error.

The judgment will be reversed to the end that there may be a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   15.