ELSIE ALEXANDER, PLAINTIFF, v. ANIEL A. MANZA,
DEFENDANT.

Decided February 16, 1944.

For the plaintiff, *Irving I. Jacobs.*

For the defendant, *Emanuel N. Weitz* (with whom appeared *Vincent S. Haneman*).

BURLING, C. C. J. and S. C. C.   Motion has been made by the plaintiff for a rule to strike out the answer of the defendant pursuant to *R. S.* 2:27–124; *N. J. S. A.* 2:27–124, and Supreme Court rules 40, 80 and 81, *N. J. S. A. tit.* 2, and for summary judgment, or in the alternative for a rule to strike out parts of the said answer, or in the alternative for a rule consolidating this cause for trial with the cause now pending in the New Jersey Supreme Court with venue laid in Atlantic County wherein the present plaintiff is the plaintiff therein, and the defendant therein is the defendant in the second count of said cause based upon an independent agreement of assumption of mortgage hereinafter referred to (dated January 20th, 1931, *Exhibit P-3*) and William P. Richards and Alexander A. Lincoln, additional defendants, and against which additional defendants judgment upon the first count of the complaint therein was heretofore entered.

Summons was issued in the first cause on the 7th day of August, 1941, and summons was issued in the present cause of action on the 17th day of July, 1943.

The reasons assigned for this motion are as follows:

1—The allegations and denials in the same are untrue in fact and sham and it is filed only for the purpose of delay,

and in support thereof, there was submitted an affidavit and the exhibits mentioned therein;

2—The allegations therein and the statements thereof are frivolous and do not state facts sufficient to constitute a defense in point of law, and it is filed only for the purpose of delay;

3—The matters and things concerned are so factually constituted that they have a common question of law and fact and can be conveniently tried together.

In the present cause of action the following facts are alleged *inter alia* and supported by affidavit by the plaintiff (uncontradicted by affidavit or other proof by the defendant) pursuant to Supreme Court rules 80 and 81:

On October 15, A. D. 1925, William P. Richards and Alexander A. Lincoln, being indebted therefor to Madeline Alexander, executed and delivered their bond of that date unto the said Madeline Alexander in the penal sum of $33,000 conditioned for the payment of the principal sum of $16,500 on November 1, A. D. 1930, with interest thereon at the rate of six per centum per annum, payable semi-annually. (*Exhibit P-1.*)

To secure payment of the said bond, the said William P. Richards and his wife, and the said Alexander A. Lincoln and his wife, executed and delivered a mortgage of even date with said bond unto the said Madeline Alexander of and upon certain lands and premises whereof the said Richards and Lincoln were seized in fee-simple, situate in the City of Englewood, in the County of Bergen and State of New Jersey, particularly bounded and described in said mortgage, and known and designated as 39-41 Englewood Avenue, Englewood, New Jersey. The said mortgage being first duly acknowledged and having the certificate of acknowledgment endorsed thereon was duly recorded in the Clerk's Office of Bergen County, New Jersey, on November 12, A. D. 1925, in Book 784 of mortgages for said county at page 584, &c. (*Exhibit P-2.*)

By mesne assignments the said bond and mortgage were duly assigned to plaintiff, and the plaintiff is the owner and holder thereof, to the notice and knowledge of the defendant. (*Exhibit P-5.*)

On or about April 1, A. D. 1926, the said William P. Richards et ux:, and the said Alexander A. Lincoln et ux., by deed conveyed the said lands and premises mentioned hereinbefore unto the defendant, Aniel Manza. The said deed being first duly acknowledged and having the certificate of acknowledgment endorsed thereon was duly recorded in the Clerk's Office of Bergen County, New Jersey, on April 6, A. D. 1926, in Book 1397 of Deeds for said County at page 187, &c. By express covenant in said deed contained it was provided as follows:

"Subject however to a mortgage for $16,500, dated October 15, 1925, made by the grantors herein to Madeline Alexander covering said premises, which said mortgage the grantee herein assumes and agrees to pay as a part of the consideration for said premises."

A certified copy of said deed was presented and marked *Exhibit P-6.*

Default in the payment of the said mortgage debt, having occurred, the plaintiff as complainant, brought and prosecuted proceedings in the Court of Chancery of New Jersey for the foreclosure of the said mortgage and on November 14, A. D. 1940, a Final Decree for the sale of the said mortgaged lands and premises and the foreclosure of the said mortgage was made by the said Court of Chancery, and in which said proceedings the said Richards, Lincoln, Manza, among others, were defendants, and the said Final Decree adjudged that there was due as of the date thereof to the complainant, the plaintiff, herein, upon said bond and mortgage the sum of $18,404.72 with lawful interest thereon to be computed from November 4, 1940, together with costs of said suit to be taxed and directed that a writ of *fieri facias* issue to the Sheriff of the County of Bergen for the sale of said mortgaged lands and premises to make the said sum with lawful interest, taxed costs, sheriff's fees, &c.

On December 26, A. D. 1940, pursuant to the said writ the said Sheriff duly sold the said lands and premises according to law at a public sale to the plaintiff, she being the highest bidder, for the sum of $100.

On July 8, A. D. 1941, by order of the Court of Chancery said sale was confirmed in all respects.

After crediting upon the said Final Decree and writ the amount of the proceeds of said sale, there remained due to the plaintiff upon the same a deficiency in the amount of $18,304.72 together with interest from November 4, A. D. 1940, at the rate of 6 per centum per annum, taxed costs in the Court of Chancery, in the amount of $419.65, Sheriff's fees and disbursements in the amount of $93.34 making the total sum of $18,817.71, no part of which has been paid, except as hereinafter stated.

Thereafter the plaintiff brought suit against the said Richards, Lincoln and this defendant in the New Jersey Supreme Court, on separate causes of action not herein stated, and on April 16, A. D. 1942, recovered judgment against the said Richards and Lincoln in the sum of $20,515.73; subsequent proceedings were had upon said judgment, both in the New Jersey Supreme Court and in the Court of Chancery, and the plaintiff has realized the gross sum of $3,500 on account, less subsequent court costs and disbursements.

The said Richards and Lincoln, and the said Aniel A. Manza were party defendants in the proceedings in the Court of Chancery for the foreclosure of said mortgage, and were served with process therein.

Plaintiff contends that the covenant in the deed hereinbefore mentioned and dated April 1st, 1926 (*Exhibit P-6*) was made for the benefit of the said mortgagee and her assigns.

The answer contains a general and perfunctory denial.

The affidavit and exhibits by the plaintiff support the facts aforesaid. Where the denials of the defendant are not supported by any verification and in view of the affidavit of the plaintiff, such denials are sham. *Eisele & King* v. *Raphael* (*Court of Errors and Appeals,* 1916), 90 *N. J. L.* 219; 101 *Atl. Rep.* 200; *Harley* v. *Passaic County* (*Court of Errors and Appeals,* 1938), 121 *N. J. L.* 44, 46; 1 *Atl. Rep.* (*2d*) 454.

The answer further asserts ten separate defenses which I will dispose of in the order in which they are presented:

The first separate defense is as follows:

"Plaintiff did not file in the office of the clerk of the County of Bergen, being the county in which the real estate described. in the mortgage is situate, a written notice of the proposed action, setting forth the court in which it is proposed to begin the action the names of the parties to the bond and to the action the book and page of the record of the mortgage, together with a description of the real estate described therein, pursuant to the statute in such case made and provided."

It relates to the provision of the Revised Statutes relating to mortgages and bonds and foreclosure and actions thereon, known as *R. S.* 2:65–6; *N. J. S. A.* 2:65–6.

The second separate defense is as follows:

"Plaintiff's action against the said defendant was not commenced within three months from the date of the confirmation of the sale of the mortgaged premises on July 8th, 1941, in accordance with the statute in such case made and provided."

It relates to the provision of the Revised Statutes relating to mortgages and bonds and foreclosure and actions thereon, known as *R. S.* 2:65–2; *N. J. S. A.* 2:65–2.

Since the adoption of chapter 207 of the Pamphlet Laws of 1898 (*R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6) a court of law has jurisdiction to entertain a cause of action based upon a deficiency against an assuming grantee. *Herbert* v. *Corby* (*Supreme Court,* 1940), 124 *N. J. L.* 249; 11 *Atl. Rep.* (*2d*) 240; *affirmed* (*Court of Errors and Appeals,* 1940), 125 *N. J. L.* 502; 17 *Atl. Rep.* (*2d*) 541, and followed in *Woodbridge* v. *DeAngelis,* 125 *N. J. L.* 579; 17 *Atl. Rep.* (*2d*) 542; *Fidelity Union Trust Co.* v. *Multiple Realty, &c., Co.* (*Court of Chancery,* 1942), 131 *N. J. Eq.* 527; 26 *Atl. Rep.* (*2d*) 155. In the last case (at *p.* 538), 26 *Atl. Rep.* (*2d*) (at *p.* 161) it was stated:

"These cases hold that, by virtue of the statute, courts of law have concurrent jurisdiction, with that inherent, original jurisdiction which has always been, from time immemorial, the prerogative of the Chancellor."

The statutes above referred to (*R. S.* 2:65–6 and 2; *N. J. S. A.* 2:65–6 and 2) are not applicable to this cause of action because this action is not an action on the bond and it is not

an action against the obligors on the bond but an action against the guarantor of such debt by virtue of the covenant of assumption. The distinction is real. *Green* v. *Stone* (*Court of Errors and Appeals*, 1896); 54 *N. J. Eq.* 387; 34 *Atl. Rep.* 1099; *Fidelity Union Trust Co.* v. *Prudent Investment Corp.* (*Court of Chancery*, 1941—Vice-Chancellor Egan), 129 *N. J. Eq.* 255; 19 *Atl. Rep.* (*2d*) 224; to the contrary, *Meyer* v. *Supinski* (*Court of Chancery*, 1939—Vice-Chancellor Fielder), 125 *N. J. Eq.* 584; 7 *Atl. Rep.* (*2d*) 277.

In view of the contrariety of opinions as expressed in the Fidelity Union Trust Co. and Meyer cases, as well as the action of the Court of Errors and Appeals in twice putting aside the determination of the question (*Wootton* v. *Pollock* (*Court of Errors and Appeals*, 1935), 119 *N. J. Eq.* 128; 181 *Atl. Rep.* 172; *Equitable Beneficial Association* v. *Cutler* (*Court of Errors and Appeals*, 1937), 119 *N. J. L.* 28; 194 *Atl. Rep.* 183), it is evident that one of the two positions taken in the Chancery Court must be presently pursued.

The opinion of Vice-Chancellor Fielder in *Meyers* v. *Supinski* (*ante*) in line with the trend of the legislative policy and the action of the Court of Chancery to protect mortgagors from deficiencies upon bonds pursuant to the doctrine of *Federal Title and Mortgage Guaranty Co.* v. *Lowenstein* (*Court of Chancery*, 1933), 113 *N. J. Eq.* 200; 166 *Atl. Rep.* 538; *Young* v. *Weber* (*Court of Chancery*, 1934), 117 *N. J. Eq.* 242; 175 *Atl. Rep.* 273; *Fidelity Union Trust Co.* v. *Posternack* (*Court of Chancery*, 1937), 122 *N. J. Eq.* 180; 192 *Atl. Rep.* 837; affirmed (*Court of Errors and Appeals*, 1937), 123 *N. J. Eq.* 181; 196 *Atl. Rep.* 469, and kindred cases, made the following observation:

"It seems to me that the purpose of the statute is to bar proceedings by an obligee against any one liable on the bond, if proceedings to collect on the bond are not instituted within the statutory time. It would be a forced construction of the statute to say that its purpose is merely to bar a suit against an obligor on his bond if suit were not commenced within three months yet leave the surety for the obligor liable on his assuming covenant for the identical balance claimed to be due on the bond, for a period of sixteen years."

However, in the opinion of Vice-Chancellor Egan in the *Fidelity Union Trust Co.* v. *Prudent Investment Corp. (ante)*, decided two years later (1941) he held as follows:

"The defendants have referred to the provisions of *R. S.* 2:65-2, *et seq.*, as applying to this suit, and contend (1) that under it, the complainant should be barred from relief because suit was not instituted within three months of the order confirming the foreclosure sale; and (2) that there should be a dismissal because no notice of intention to begin this suit was filed; and (3) that the ticket served upon them in the foreclosure action did not advise them of any intent to sue them for a deficiency. (1) The defendants' claim to relief under *R. S.* 2:65-2, *et seq.* [*N. J. S. A.* 2:65-2], finds an answer in *Green* v. *Stone* (*Court of Errors and Appeals, 1896*), 54 *N. J. Eq.* 387 [34 *Atl. Rep.* 1099], which is authority for the proposition that such defenses are not sustained in suits, as here, based on an assumption of a mortgage debt. (2 and 3) Our courts hold that neither a notice of intention need be filed, nor suit instituted within the statutory period. *National Bank of New Jersey* v. *Lefkowitz*, 107 *N. J. Eq.* 265 [152 *Atl. Rep.* 328]; *Black Diamond Building and Loan Association* v. *Redlinghouse*, 113 *N. J. Eq.* 1 [165 *Atl. Rep.* 630]; *Chodosh* v. *Schlesinger*, 119 *N. J.* Law 405; 196 *Atl. Rep.* 731."

The Bond and Mortgage Act of 1880 as amended, and now contained in *R. S.* 2:65-6 and 2 (*N. J. S. A.* 2:65-6 and 2), is in derogation of the common law and must be strictly construed. *Callan* v. *Bodine* (*Supreme Court*, 1911), 81 *N. J. L.* 240 (at *p.* 243); 79 *Atl. Rep.* 1057.

The legislative trend during the last decade indicates an attempt to protect mortgagors from deficiencies on bonds. *Pamph. L.* 1933, *ch.* 82, now *R. S.* 2:65-2; *N. J. S. A.* 2:65-2; *Pamph. L.* 1935, *ch.* 88, now *R. S.* 2:65-5.1; *N. J. S. A.* 2:65-5.1, and as recently as 1942, chapter 172 (*R. S.* 2:65-7.1; *N. J. S. A.* 2:65-7.1) placed a time limitation upon suits upon bonds for deficiency where prior mortgages had been foreclosed. It is evident to meet the situation under consideration, one of public policy, that it requires legislative action.

In giving due consideration to the aforesaid comments and to the opinions in *Fidelity Union Trust Co.* v. *Prudent Investment Corp.* *(ante)* and *Meyers* v. *Supinski* *(ante)* and to the cases cited in Vice-Chancellor Egan's opinion in support of his decision, such as *Chodosh* v. *Schlesinger* *(Court of Errors and Appeals,* 1937), 119 *N. J. L.* 405; 196 *Atl. Rep.* 731, it is my intention in the disposition of this motion to adopt the conclusions of Vice-Chancellor Egan as heretofore quoted, and as a result thereof, hold that the first and second separate defenses are frivolous and insufficient in law.

The third and fourth separate defenses are as follows:

*"Third Separate Defense.*

"Plaintiff's cause of action against the defendant was not commenced within six years next after the alleged cause of action accrued."

*"Fourth Separate Defense.*

"Plaintiff's action against the defendant was not commenced within sixteen years next after the alleged cause of action accrued."

The plaintiff's cause of action is grounded in a deed dated April 1st, 1926 *(Exhibit P-6).*

Since the right of action springs from a covenant under seal, the common law action of covenant or debt does lie. *Woodbridge* v. *DeAngelis* *(ante)*; *Fidelity Union Trust Co.* v. *Prudent Investment Corp.* *(ante).* The mortgage contemplated by the covenant of assumption was not payable until November 1st, 1930. Sixteen years have not elapsed since the cause of action accrued. Since the right of action arises from the covenant under seal, the period provided by *R. S.* 2 :24–5; *N. J. S. A.* 2 :24–5, has not yet elapsed.

Further the sum of $1,500 was paid on account of the principal of the mortgage by the defendant (paragraph 4 of the eighth separate defense) on January 21st, 1931. Payment by the debtor in part satisfaction within the statutory period removes the bar of the statute. *R. S* 2 :24–5; *N. J. S. A.* 2 :24–5. Interest was paid under the direction of the debtor in which he thereby participated under an agreement for the collection of rents, dated September 14th, 1933, until the spring of 1940. Paragraph 8 of plaintiff's affidavit which

is not refuted and is evidential of said fact herein. *Eisele & King* v. *Raphael* (*ante*); *Harley* v. *Passaic County* (*ante*). Payment by the debtor of interest within the statutory period likewise removes the bar of the statute.

In the event the action is classed as being *in assumpsit*, payment by the debtor of interest within the statutory period removes the bar of the statute which would toll the effect of *R. S.* 2:24–1; *N. J. S. A.* 2:24–1.

These (third and fourth) separate defenses are accordingly frivolous.

The fifth separate defense is abandoned.

The sixth separate defense is as follows:

"Plaintiff has released and discharged the said WILLIAM P. RICHARDS and ALEXANDER A. LINCOLN, the obligors on the bond, from liability thereon, in consideration of the payment by the said Richards and Lincoln to the plaintiff of the sum of $3,500; that thereby in law the defendant herein has been released and discharged from any and all liability on the alleged covenant of assumption contained in the deed."

The payments referred to in this defense were involuntary and made by operation of law (plaintiff's affidavit, paragraph 10, not refuted by defendant). The liability upon which the complaint is predicated is not a joint one. This defense is frivolous.

The seventh separate defense is as follows:

"This defendant did not assume and agree to pay a mortgage for $16,500 dated October 16th, 1925, made by his grantors to MADELINE ALEXANDER, as alleged in paragraph 4 of the plaintiff's complaint; that this defendant made no such agreement with his grantors, at the time he purchased the premises, or at any other time, nor was it ever his intention or the intention of his grantors that he should assume personal liability therefor."

The covenants in the deed speak for themselves. The grantee of the deed by accepting the same became liable on the covenants purporting to be made by him as well as if he had signed and sealed the instrument. *Sparkman* v. *Gove* (*Supreme Court*, 1882), 44 *N. J. L.* 252. The grantee who assumes a mortgage debt and promises to pay it makes a

contract with the grantors for the benefit of the mortgagee. *Herbert* v. *Corby* (*ante*). This defense is frivolous.

Eighth separate defense of which paragraph 1 as follows is the gist:

"1. Defendant's liability or obligation, if any by virtue of the alleged assumption clause contained in the deed as set forth in paragraph 4 of the plaintiff's complaint, has been discharged, extinguished and released, under and pursuant to a novation consummated on or about January 20th, 1931."

Novation means that there being a contract in existence some new contract is substituted therefor either between the same or different parties, the consideration mutually being the discharge of the old contract. *Cooke* v. *McAdoo* (*Court of Errors and Appeals,* 1913), 85 *N. J. L.* 692; 90 *Atl. Rep.* 302; *Morecraft* v. *Allen* (*Court of Errors and Appeals,* 1909), 78 *N. J. L.* 729 (at *p.* 732); 75 *Atl. Rep.* 920.

The allegations of fact of this defense have not been met in the affidavit of the plaintiff, and upon this proceeding the defendant is accordingly not required to submit answering affidavits, as there was no challenge thereof by the plaintiff. *Harley* v. *Passaic County* (*ante*).

Since the element of intention is the primary factor in the disposition of a defense of this nature, the question as to whether the debt has been novated is originally a question of fact and where there is a doubt as to the intention and factual effect of the agreement as an alleged novation, a question of fact for the jury arises under suitable instructions. *Morecraft* v. *Allen* (*ante*). Such a situation appears to be present and this defense may stand.

It is to be noted novation contemplates a valid agreement. A transcript of pleadings were submitted to the court for consideration upon this motion relating to the first cause of action referred to in this defense instituted on August 7th, 1941. The issues therein were reduced as a result of the previous disposition of a motion addressed to the original answer of the defendant therein, Aniel Manza, to the alleged effect of usury upon said agreement, and in the amended answer of the defendant therein, it was maintained and alleged that such agreement was void at law as a result

thereof. Under such circumstances this defense may ultimately become insufficient in law.

The ninth separate defense is as follows:

"Plaintiff has elected to bring suit on the defendant's covenant contained in the agreement of January 20th, 1931, and has abandoned and waived any and all claims on the covenant of assumption contained in the deed, as set forth in paragraph 4 of the plaintiff's complaint, and is now estopped from maintaining a cause of action based on said covenant of assumption contained in the deed."

This defense involves the doctrine of election of remedies. The essence of the doctrine of election of remedies is a conscious choice with full knowledge of the facts of one of two or more inconsistent remedies. It is the intentional waiver of all remedies but the one chosen. *Adams* v. *Camden Safe Deposit and Trust Co.* (*Supreme Court,* 1938), 121 *N. J. L.* 389 (at *p.* 394); 2 *Atl. Rep.* (*2d*) 361. It stems from the principle, rooted in reason and justice, that a party seeking legal redress shall not be at liberty of taking irreconcilable and repugnant positions. There must be in fact two inconsistent remedies available to the party seeking the enforcement of the claimed right. *Adams* v. *Camden Safe Deposit and Trust Co.* (*ante*). The doctrine of election of remedies, considered by eminent authority as "a harsh, and now obsolete rule" is one to be strictly confined within its reason and spirit. *Adams* v. *Camden Safe Deposit and Trust Co.* (*ante*). Although this case was not removed to the Court of Errors and Appeals, it was cited in *Levy* v. *Massachusetts Accident Co.* (*Court of Errors and Appeals,* 1939), 127 *N. J. Eq.* 49 (at *p.* 52); 11 *Atl. Rep.* (*2d*) 79. The remedies as sought by the plaintiff in this matter are not inconsistent. In the first case, the transaction regarding the independent written agreement is under scrutiny and in the second case, the clause contained in a deed. The evidence in each is obviously different and the alleged primary liability arises from different sources. *Alexander* v. *Manza* (*Supreme Court,* 1943), 21 *N. J. Mis. R.* 295 (at *p.* 298); 34 *Atl. Rep.* (*2d*) 11.

Since the basis of fact of this defense is the institution of

the suit above referred to, the defense is frivolous. At any rate, any other elements of intention are resolved against the defendant because they are met in the affidavit of the plaintiff (paragraph 9) and not challenged in any affidavit of the defendant. *Harley* v. *Passaic County* (*ante*).

Further such a defense in order to constitute a bar must aver every fact essential to make out a complete defense. *Levy* v. *Massachusetts* (*ante*).

The tenth separate defense reserves the right to set out and raise at the trial of this issue the objection that the complaint fails to disclose a cause of action upon the following grounds:

(a) Failure to make and join William F. Richards and Alexander A. Lincoln, the mortgagors and the obligors on the bond, as party defendants to this suit, makes the complaint fatally defective;

(b) This court is without jurisdiction over the subject-matter, and plaintiff's remedy, if any, is in the Court of Chancery;

(c) Plaintiff has failed to comply with the provisions of the statute in such case made and provided (*R. S.* 2:65–1, *et seq.; N. J. S. A.* 2:65–1, *et seq.*).

It is frivolous.

To summarize the result is as follows:

The principal answer is stricken. The first, second, third, fourth, fifth, sixth, seventh, ninth and tenth separate defenses are stricken. The motion to strike out the eighth separate defense is denied.

Since both parties join in an application for the consolidation of the two causes of action for trial and they may be conveniently tried together, it is ordered that they be tried together.

An appropriate rule may be accordingly presented.