SALVATORE J. LOPIZZO, PLAINTIFF-APPELLANT, v. WILLIAM BURKE, BARBARA BURKE, CHRISTOPHER R. MORITZ, INC., T/A HUB-ART HARDWARE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 10, 1984—Decided January 21, 1985.

Before Judges KING, DEIGHAN and BILDER.

*Dennis Alan Cipriano*, attorney for appellant.

No briefs were filed on behalf of respondents Burke and Moritz.

The opinion of the court was delivered by

DEIGHAN, J.A.D.

This is an appeal by plaintiff, Salvatore J. Lopizzo, from a judgment in his favor in the sum of $1,112.93 against defendants, William and Barbara Burke. Plaintiff sold a hardware store, Hub-Art, Inc., to defendants William Burke and Barbara Burke, who gave a note for $35,000 to plaintiff toward the purchase price. The Burkes subsequently sold the hardware store to Christopher R. Moritz and Christopher R. Moritz, Inc., t/a Hub-Art, Inc., who signed another note for $22,700 to

plaintiff. After default, plaintiff brought an action on both obligations. Summary judgment was granted in favor of plaintiff against Moritz and Hub-Art, Inc. After a trial without a jury, judgment was entered against the Burkes for $1,129.93 plus costs. Plaintiff appeals contending that the defense of novation upon which defendants Burkes relied could not be raised at trial because it was not pleaded as a defense. Alternatively, they contend that there was no novation.

We affirm the judgment of the Law Division substantially for the reasons set forth by Judge McGrath in his written opinion dated June 23, 1983. His findings of fact are based upon substantial credible evidence supported by the record as a whole, *Rova Farms Resort v. Investors Ins. Co.*, 65 *N.J.* 474, 484 (1974), which we will not disturb on appeal. Moreover, the law as cited and applied by Judge McGrath is sound.

We reject appellant's contention that the defense of novation could not be raised at trial because it was not pleaded as a defense. It is true that the Burkes' answer, while it contained 11 separate defenses, did not mention novation. However, they also asserted a counterclaim for judgment to declare that plaintiff's only remedy was against Moritz. In one count of the counterclaim they allege that "Plaintiff, through his agents, servants or employees, entered into an assignment of the debt by the debtors referred to in the first count to the debtors referred to in the second count. Said actions constitute a novation." Plaintiff filed an answer to Burkes' counterclaim. Unquestionably, the Burkes raised the issue of "novation" in their counterclaim so there could be no surprise or prejudice to plaintiff. Moreover, *R.*4:5–4 provides: "... If a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if the interest of justice requires, shall treat the pleading as if there had been a proper designation." Not only was there no surprise or prejudice to plaintiff, but under the rules Judge McGrath quite properly invoked the concept of novation.

However, we are more disturbed concerning another aspect of this appeal. Judge McGrath, in his written opinion, made the following findings of fact:

> Since the question of whether a debt has been novated is ordinarily one of fact, *Alexander v. Manza*, 22 *N.J.Misc.* [88] 38, 36 *A.*2d 142 (Sup.Ct.1944), an examination of the facts is again necessary. Although Mr. Cipriano's (Lopizzo's attorney) letter of March 7, 1979 denies any novation, an associate of Cipriano—Mr. Sangeorge—sent a letter to Moritz's attorney, enclosing a new note for Moritz to execute and advising the Burke-Lopizzo note will be cancelled upon receipt of the executed Moritz-Lopizzo note. Moritz's attorney sent the unsigned release and a check representing payment for reviewing same to Mr. Cipriano. Sometime later that check was in fact negotiated. Sangeorge wrote to Moritz's attorney using Cipriano's letterhead and stated, "I shall cancel note dated March 1, 1976 upon receipt of new note..." The plaintiff had notice of this and at trial he stated that his attorney was to negotiate on his behalf and that *he never contacted his lawyer to express his disapproval of the cancellation.* Furthermore, the plaintiff ultimately accepted a reduction in the monthly installments from $545.53 to $371.01 without seeking to recover the difference from Burke, despite an admitted financial need. This Court finds plaintiffs, [sic] and his attorney's actions indicate unequivocally plaintiff's intent to effect a novation.

■ A review of the appendix fails to disclose that these very important letters from Mr. Sangeorge of Mr. Cipriano's office have been included in the appendix. Since these letters were essential to Judge McGrath's factual finding that a novation was entered, we can only assume that they were purposely omitted from the appendix as damaging to plaintiff's appeal. This is a flagrant violation of the Rules of this Court and the Rules of Professional Conduct.

*R.* 2:6–1(a)(7) provides:

> (a) Contents of Appendix. The Appendix prepared by the appellant ... shall contain ... (7) such other parts of the record, ... as are essential to to proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised.

Here the respondent did not appear nor file a brief. Nevertheless, the appellant owes a direct obligation to the Court and certainly must know that the letters are essential to a full determination by this Court. Moreover, an attempt to reverse a trial judge by omitting vital exhibits upon which he relied in his decision cannot be countenanced.

Disciplinary Rule DR 1–102 of the Code of Professional Responsibility pertaining to misconduct, then in effect, provides: "A lawyer shall not: (1) Violate a Disciplinary Rule... (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation... (5) Engage in conduct that is prejudicial to the administration of justice." Further, DR 7–106(C)(7) relating to trial conduct provides: "In appearing in his professional capacity before a tribunal, a lawyer shall not intentionally violate any established rule of procedure or of evidence." *Cf.* RPC 3.3(a)(5) effective September 10, 1984.

In our view the flagrant and egregious conduct of plaintiff's counsel in failing to include these important letters in the appendix and causing a waste of judicial time and effort to uncover the deception, is reprehensible and requires our censure.

Affirmed.